IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JERMAINE ROBERTS,

    Petitioner,                    No. CIV S-08-0376 JAM DAD P

    vs.

MATTHEW KRAMER, Warden,        ORDER AND

    Respondent.               FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On April 7, 2009, the undersigned ordered respondent to file and serve a response to the petition. On June 11, 2009, respondent filed the pending amended motion to dismiss, arguing that petitioner's habeas petition is time-barred under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Petitioner has not filed an opposition to the motion.[1]

/////

---

[1] On July 30, 2009, the undersigned issued an order to show cause, ordering petitioner to file his opposition to respondent's motion to dismiss within twenty days and warning petitioner that failure to do so could "be deemed a waiver of any opposition to the granting of the motion." Petitioner has not complied with the court's order. Accordingly, dismissal pursuant to Federal Rule of Civil Procedure 41(b) would be justified.

1

## BACKGROUND

On January 30, 1997, a Butte County Superior Court jury convicted petitioner of first degree residential robbery. The jury also found that petitioner personally used a firearm during the commission of the robbery. Pursuant to the jury's verdict, the trial court sentenced petitioner to a determinate term of sixteen years in state prison. On January 13, 1998, the California Court of Appeal for the Third Appellate District affirmed petitioner's judgment of conviction. Petitioner did not seek review with the California Supreme Court. (Pet. at 2; Resp't's Lodged Docs. 1-2.)

Petitioner subsequently filed six petitions seeking habeas relief in state court. In this regard, on September 18, 1998, he filed a petition for writ of habeas corpus in the Butte County Superior Court which was denied on September 22, 1998. On October 11, 1998, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on October 29, 1998. On November 17, 1998, petitioner filed a petition for writ of habeas corpus in the California Supreme Court which was denied on May 26, 1999. (Resp't's Lodged Docs. 3-8.) On December 1, 1998, petitioner filed another habeas petition with the Butte County Superior Court which was denied on December 16, 1998. On July 4, 2007, petitioner filed a second petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District which was denied on July 12, 2007. Finally, on July 26, 2007, petitioner filed another habeas petition in the California Supreme Court which was denied on January 23, 2008. (Resp't's Lodged Docs. 9-14.)

On January 29, 2008, petitioner commenced this action by filing a federal petition for writ of habeas corpus with this court.

## RESPONDENT'S MOTION TO DISMISS

Respondent has filed a motion to dismiss arguing that petitioner's federal habeas petition is time-barred. Specifically, respondent argues that on January 13, 1998, the California Court of Appeal affirmed petitioner's conviction, causing his judgment of conviction to become

"final" forty days thereafter, on February 22, 1998, after the time for seeking review in the California Supreme Court expired.  Respondent argues that the one-year statute of limitations for the filing of a federal habeas petition began to run the following day, on February 23, 1998, and expired one year later on February 22, 1999.  (Resp't's Mot. to Dismiss at 3.)

Respondent acknowledges that the proper filing of a state post-conviction application challenging a judgment of conviction tolls the one-year statute of limitations period.  Respondent argues, however, that petitioner did not file his first state habeas petition until 208 days had elapsed under the statute of limitations.  Respondent concedes that petitioner is entitled to tolling for the time that his first, second, and third habeas petitions were pending in the state courts at each successive level.  However, respondent argues that petitioner's fourth state habeas petition has no tolling consequence because it was pending in the Butte County Superior Court at the same time his third habeas petition was pending in the California Supreme Court.  (Resp't's Mot. to Dismiss at 4.)

Granting petitioner the benefit of tolling for the time that his first, second, and third habeas petitions were pending before the state courts, respondent contends that the one-year statute of limitations for the filing of a federal habeas petition expired on November 1, 1999. Respondent notes that petitioner did not file his federal petition until more than eight years later, on January 29, 2008.  Finally, although petitioner filed his fifth and sixth habeas petitions in state court, those filings occurred after the federal statute of limitations had expired and do not restart the clock at zero or otherwise save petitioner's claims from being time-barred.  Accordingly, respondent concludes that petitioner's federal petition for writ of habeas corpus now pending before this court is untimely and should be dismissed with prejudice.  (Resp't's Mot. to Dismiss at 5-6.)

/////

/////

/////

**ANALYSIS**

I. <u>The AEDPA Statute of Limitations</u>

On April 24, 1996, Congress enacted AEDPA which amended 28 U.S.C. § 2244 by adding the following provision:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The one-year AEDPA statute of limitations applies to all federal habeas corpus petitions filed after the statute was enacted and therefore applies to the pending petition. See <u>Lindh v. Murphy</u>, 521 U.S. 320, 322-23 (1997).

II. <u>Application of § 2244(d)(1)(A)</u>

As noted above, on January 30, 1997, a Butte County Superior Court jury convicted petitioner of first degree residential robbery and found that he personally used a firearm during the commission of that crime. The trial court sentenced petitioner to a determinate term of sixteen years in state prison. On January 13, 1998, the California Court of


Appeal for the Third Appellate District affirmed the judgment of conviction. That decision became final thirty days after filing. See Cal. Rules of Court 8.264 (formerly Rule 24). Petitioner did not seek review with the California Supreme Court.

For purposes of federal habeas review, petitioner's conviction therefore became final on February 22, 1998, after the ten-day period for seeking direct review in the California Supreme Court expired. See Cal. Rules of Court 8.500 (formerly Rule 28). The AEDPA statute of limitations period began to run the following day, on February 23, 1998, and expired one year later on February 22, 1999. Petitioner did not file his federal habeas petition until January 29, 2008. Accordingly, petitioner's federal petition for writ of habeas corpus is untimely unless he is entitled to the benefit of tolling.

III. Application of § 2244(d)(2)

"The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). The statute of limitations is not tolled during the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge because there is no case "pending." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Once a petitioner commences state collateral proceedings, a state habeas petition is "pending" during a full round of review in the state courts, including the time between a lower court decision and the filing of a new petition in a higher court, as long as the intervals between the filing of those petitions are "reasonable." Carey v. Saffold, 536 U.S. 214, 222-24 (2002).

In this case, 208 days of the one-year AEDPA statute of limitations elapsed before petitioner filed his first habeas petition in the Butte County Superior Court on September 18, 1998. As respondent acknowledges, petitioner is entitled to 251 days of tolling for the time that his first, second, and third habeas petitions were pending at each successive level of the state courts. However, petitioner is not entitled to additional tolling for the 16 days that his fourth

habeas petition was pending in the Butte County Superior Court because it was pending at the same time his third habeas petition was still pending in the California Supreme Court. Nor is petitioner entitled to tolling for the more than eight years that elapsed in between the California Supreme Court's denial of his third state habeas petition and his filing of his fifth habeas petition in the California Court of Appeal. Petitioner unreasonably delayed eight years in filing his fifth petition and has not explained or justified such a lengthy delay. See, e.g., Gaston v. Palmer, 447 F.3d 1165, 1167 (9th Cir. 2006) (unexplained delays of eighteen, fifteen, and ten months between habeas filings are unreasonable and not subject to interval tolling). During this lengthy interval, with no state habeas petitions pending, the AEDPA statute of limitations period expired.

In reaching this conclusion, the court has taken into account the following. In Evans v. Chavis, 546 U.S. 189, 192-93 (2006), the United States Supreme Court acknowledged that in California, a state prisoner may seek review of an adverse lower court decision by filing a habeas petition in a higher court, and that such a petition is timely if it is filed within a "'reasonable time.'" 546 U.S. at 192-93. In deciding in that case whether the three-year interval between the California Court of Appeal's denial and the filing of a habeas petition with the California Supreme Court was reasonable, the Supreme Court concluded that in "viewing every disputed issue most favorably to Chavis, there remains a totally unexplained, hence unjustified, delay of at least six months." 546 U.S. at 201. Thus, "Evans made clear that an unexplained delay of six months between the denial of one California state court and a new filing in a higher California court was too long to permit tolling of the federal limitations period on the ground that state court proceedings were 'pending.'" Waldrip v. Hall, 548 F.3d 729, 735 (9th Cir. 2008).[2]

---

[2] It may be that petitioner could have provided an adequate explanation for part of his lengthy delays in proceeding from one state court to the next. As one district court has noted, California courts have excused long delays "where the petitioner was uneducated, was ignorant of legal rights and procedures" and "[t]he United Supreme Court has also implied that a delay may be excused if the prisoner was unable to access the prison law library due to scheduling conflicts or prison lockdowns." Gutierrez v. Dexter, No. CV 07-00122-MMM (MLG), 2008 WL 4822867 at *5 (C.D. Cal. Oct. 30, 2008). See also White v. Ollison, 530 F. Supp. 2d 1077, 1083 (C.D. Cal. 2007) (76-day delay to resubmit petition on a proper form after Clerk of the Court refused to file it

    Finally, even though petitioner subsequently filed a fifth and sixth habeas petition in the state courts, "section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Fergusen v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, by the time petitioner signed his original federal petition and submitted it for filing in this court on January 29, 2008, more than one year had run on the statute of limitations, rendering his federal habeas petition time-barred.

    For the reasons discussed above, respondent's motion to dismiss should be granted, and petitioner's federal petition for writ of habeas corpus should be dismissed with prejudice.

## OTHER MATTERS

    Respondent has informed the court that Michael S. Evans, not Matthew Kramer, is the current warden at Folsom State Prison. Respondent requests that the court substitute Warden Evans as respondent in this action. Good cause appearing, the court will grant respondent's request.

/////

/////

/////

---

was not unexplained and was therefore subject to tolling); Bui v. Hedgpeth, 516 F. Supp. 2d 1170, 1174-76 (C.D. Cal. 2007) (83-day delay to conduct additional research and 158-day delay due to difficulties in obtaining photocopies properly tolled); Roeung v. Felker, 484 F. Supp. 2d 1081, 1084-85 (C.D. Cal. 2007) (six-month delay to conduct further research and expand petition properly tolled); Haynes v. Carey, No. Civ. S-07-0484 LKK DAD P, 2007 WL 3046008, *3-5 & n.3 (E.D. Cal. Oct. 18, 2007) (170-day gap between denial of relief and filing of the next petition was explained by prison law library closures and library access limited by lock downs, staff meetings, training and schedule irregularities and therefore was subject to tolling); Burke v. Campbell, No. Civ. S-06-0459 FCD DAD P, 2006 WL 3589510 (E.D. Cal. Dec. 11, 2006) (significant delays explained by limited prison law library access, complexity of legal issues to be raised, serious medical conditions and other legal actions against which petitioner was forced to defend properly subject to tolling where respondent failed to rebut the explanations). However, as noted above, petitioner has filed no opposition to the pending motion even after the court's July 30, 2009, order to show cause directing him to do so. As such, the lengthy delay of more than eight years remains completely unexplained and therefore cannot be subject to tolling.

**CONCLUSION**

IT IS HEREBY ORDERED that:

1. Respondent's June 11, 2009 request to substitute Warden Evans as respondent in this action (Doc. No. 18) is granted; and

2. The Clerk of the Court is directed to amend the docket to reflect that Warden Michael S. Evans is the respondent in this action.

IT IS HEREBY RECOMMENDED that:

1. Respondent's June 11, 2009 amended motion to dismiss (Doc. No. 18) be granted; and

2. This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 30, 2009.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:9
robe0376.157